712 A.2d 708

DOUGLAS BORRELLO, PLAINTIFF–APPELLANT, v. BOARD
OF TRUSTEES, PUBLIC EMPLOYEES' RETIREMENT
SYSTEM, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 22, 1998—Decided June 29, 1998.

Before Judges BAIME and MUIR, Jr.

*Antonio R. Espinosa*, attorney for appellant.

*Peter Verniero*, Attorney General, attorney for respondent (*Joseph L. Yannotti*, Assistant Attorney General, of counsel; *Sherrie L. Gibble*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BAIME, P.J.A.D.

Douglas Borrello was employed by the City of Elizabeth as the Supervisor of Streets and Parks. Over a nine month period, Borello accepted three bribes. He was convicted of third degree misconduct in office and was removed from his position. Borrello then applied for deferred retirement benefits. The Board of Trustees denied Borrello's application on the ground that *N.J.S.A.* 43:15A–38 bars a public employee from obtaining benefits in the event he is removed for cause on charges of misconduct. Borrello appeals, contending that the Board erred by failing to weigh and balance the factors set forth in *Uricoli v. Police & Firemen's Retirement System*, 91 *N.J.* 62, 449 *A.*2d 1267 (1982). We find no merit in Borrello's claim of error.

In *Uricoli*, our Supreme Court adopted a flexible test in determining whether, or to what extent, an application for accidental disability benefits should be denied where the applicant has been convicted of malfeasance and has been removed from office. 91 *N.J.* at 77–78, 449 *A.*2d 1267. The Court emphasized that the accidental disability statute, *N.J.S.A.* 43:16A–7, contained no spe-

cific provision denying eligibility to those convicted of offenses relating to their office. The Court said that where the pension statute is silent with respect to the legal ramifications flowing from a conviction, a balancing test should be applied. *Id.* at 76–77, 449 *A*.2d 1267. In contrast, the Court stressed that pension benefits should be denied where the statute expressly excepts from eligibility public employees who have been "removed for cause on charges of misconduct or delinquency." *Id.* at 74 n. 4, 449 *A*.2d 1267. Indeed, the Court held specifically that Uricoli was barred from claiming deferred retirement benefits because *N.J.S.A.* 43:16A–11.2, the analog to *N.J.S.A.* 43:15A–38, contained language disqualifying those convicted of a crime relating to their office. *Id.* at 74, 449 *A*.2d 1267.

*N.J.S.A.* 43:15A–38 provides that a public employee is disqualified from receiving deferred retirement benefits if he has been "remov[ed] for cause on charges of misconduct or delinquency." Borrello contends, however, that this section was repealed by implication when the Legislature enacted *N.J.S.A.* 43:1–3 in 1995. *N.J.S.A.* 43:1–3 codifies the factors listed in *Uricoli* to be considered by pension boards in making decisions on forfeiture. Borrello's contention, however, is belied by the Committee statement that was appended to *N.J.S.A.* 43:1–3, stating that "[t]his bill . . . codif[ies] in the statutes the essence of the New Jersey Supreme Court's decision in *Uricoli v. Police & Firemen's Retirement System,* 91 *N.J.* 62, 449 *A*.2d 1267 (1982)." Statement of the Senate Management, Investments and Financial Institutions Committee to Assembly No. 676 (Nov. 9, 1995). We construe *N.J.S.A.* 43:1–3 accordingly. More specifically, we interpret *N.J.S.A.* 43:1–3 as applying only to those claims for benefits where the specific pension statute is silent respecting the effect of a conviction for a crime relating to the applicant's public office.

*N.J.S.A.* 43:1–3 does not expressly repeal the eligibility requirement contained in *N.J.S.A.* 43:15A–38. Had the Legisla-

ture intended to repeal that requirement as it relates to deferred retirement benefits, it would have said so. Every reasonable construction should be applied to avoid a finding of implied repealer. *Township of Mahwah v. Bergen County Bd. of Taxation,* 98 *N.J.* 268, 281, 486 *A.*2d 818 (1985); *Brewer v. Porch,* 53 *N.J.* 167, 173, 249 *A.*2d 388 (1969); *Swede v. City of Clifton,* 22 *N.J.* 303, 317, 125 *A.*2d 865 (1956). Where, as here, the statutory provisions may reasonably stand together, each in its own particular sphere of action, "there is not the repugnancy importing the design to repeal the earlier provision." *Swede v. City of Clifton,* 22 *N.J.* at 317, 125 *A.*2d 865. Dealing as they do with two separate classes of pension statutes—one automatically requiring forfeiture of benefits upon a conviction for a crime relating to the applicant's office and the other according the pension board discretion to determine the question of forfeiture—the statutes can coexist.

 Borrello was involuntarily removed from office by reason of his conviction and was not permitted to resign in good standing. *See Widdis v. Public Employee Retirement Sys.,* 238 *N.J.Super.* 70, 76, 568 *A.*2d 1227 (App.Div.1990). His right to obtain deferred retirement benefits was automatically forfeited by the express language of *N.J.S.A.* 43:15A–38.

Accordingly, the decision of the Board of Trustees is affirmed.