25 A.3d 1199 (2011)
422 N.J. Super. 27
In the Matter of Suzanne HESS.
No. A-2408-09T1.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 2010.
Decided August 30, 2011.
*1200 Thomas A. Pavics, Flemington, argued the cause for appellant Suzanne Hess.
Don E. Catinello, Deputy Attorney General, argued the cause for respondent Board of Trustees, Public Employees' Retirement System (Paula T. Dow, Attorney General, attorney; Lewis A. Scheindlin, Assistant Attorney General, of counsel; Mr. Catinello, on the brief).
Before Judges AXELRAD, R.B. COLEMAN and LIHOTZ.[1]
The opinion of the court was delivered by
*1201 R.B. COLEMAN, J.A.D.
Suzanne Hess appeals from the final administrative determination of the Board of Trustees (the Board) of the Public Employees' Retirement System (PERS), which denied her application for deferred retirement benefits. The Board determined it was without authority to grant Hess deferred retirement benefits because she had been involuntarily terminated from her public employment based on her conviction of a third-degree crime. Considering that Hess's conviction was unrelated to her official duties, we conclude the Board's determination is not legally correct. Accordingly, we reverse and remand for further consideration of Hess's eligibility for deferred retirement benefits.
At 11:00 p.m. on October 25, 2005, while traveling in her personal automobile on the wrong side of the road, Hess crashed head-on into an oncoming vehicle, causing serious injuries to the occupants of that vehicle. Hess was unable to pass a field sobriety test, and she was arrested. Her blood alcohol content was .167 percent. As a result of the incident, a Hunterdon County grand jury returned an indictment charging Hess with two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (counts one and three); and two counts of third-degree assault by auto, N.J.S.A. 2C:12-1(c)(2) (counts two and four). Pursuant to a plea agreement, Hess pled guilty to both counts of third-degree assault by auto and the remaining counts were dismissed. She was sentenced on each count to five years probation, conditioned on her 180 days in county jail on each count, to run concurrently.
Hess had been a member of PERS since 1987 and had been employed as a Geographic Information Specialist with the New Jersey Office of Information Technology (OIT) since 2000. On January 5, 2007, the day of her conviction, OIT sent Hess a letter explaining that "New Jersey statutes provide for immediate suspension of an employee formally charged with a crime of the first, second, or third degree, or a crime of the fourth degree on the job or directly related to the job[.]" Hess, through counsel, waived a Loudermill[2] hearing. Thereafter, Hess was served with a Preliminary Notice of Disciplinary Action (PNDA), charging her with (1) failure to perform duties, N.J.A.C. 4A:2-2.3(a)(1); (2) conduct unbecoming of a public employee, N.J.A.C. 4A:2-2.3(a)(6); (3) conviction of a crime of the third degree; and (4) forfeiture of public office at OIT. The PNDA provided for her immediate suspension without pay pending a forfeiture order and judgment of conviction. These preliminary charges were sustained and on February 5, 2007, Hess was served with a Final Notice of Major Disciplinary Action (FNDA) affirming her suspension.
Prior to that disposition, Hess had filed an application for a deferred retirement allowance, to be effective December 1, 2019, the first day of the month after her sixtieth birthday. The application form for deferred retirement specifies that "You must be under age 60 and have a minimum of 10 years of service credit upon termination of employment. A Deferred Retirement becomes effective at age 60 if you have filed an Application for Retirement Allowance prior to that date." It is the Board's eventual denial of that application that is the subject of this appeal.
In addition to denying the application for deferred benefits, the Board filed a verified complaint with an order to show *1202 cause dated February 23, 2007, for forfeiture of Hess's employment, pursuant to N.J.S.A. 2C:51-2(a)(1).[3] Hess subsequently submitted a letter of resignation; however, OIT responded that her tendered request to resign was denied and that, pursuant to N.J.A.C. 4A:2-2.7, the appointing authority may impose an indefinite suspension to extend beyond six months where an employee is subject to criminal charges. The response letter further notified Hess that she would remain on indefinite suspension until the Office of the Attorney General received a forfeiture order from the court.
On September 11, 2008, the Law Division entered an order that forfeited Hess's employment, but did not bar her from future public employment. A PNDA and FNDA were issued thereafter on March 18, 2009, removing Hess from her public position with OIT, effective September 12, 2008. Hess did not appeal that removal.
Following a hearing on August 19, 2009, the Board denied Hess's application for deferred retirement benefits and informed her by letter dated August 24, 2009. Hess's attorney requested an administrative hearing in the Office of Administrative Law, which the Board denied, based on its conclusion that the issue before it was "a purely legal question." On December 11, 2009, the Board issued its Final Administrative Determination denying Hess's application for deferred retirement benefits pursuant to N.J.S.A. 43:15A-38. The Board found that "[a]t the time of Hess's termination, she was vested with nineteen years and four months of service credit in the PERS and was under the age of sixty; therefore, [the only benefit] she [] qualified for [was] a deferred retirement." In analyzing whether she was entitled to receive a deferred retirement, the Board reasoned that the documentation before it substantiated that Hess's employment was terminated for cause, and that the statute provided for deferred retirement benefits only for an employee who had completed ten years of service and who was separated from service "not by removal for cause on charges of misconduct or delinquency."
The Board relied, in part, on Borrello v. Public Employees' Retirement System, 313 N.J.Super. 75, 712 A.2d 708 (App.Div. 1998), in reaching its conclusion that an employee removed involuntarily from his or her position and who was not permitted to resign in good standing should be found to be ineligible to receive deferred retirement benefits under N.J.S.A. 43:15A-38. The claimant in Borrello had been dismissed from his public employment after he was convicted of third-degree misconduct relating to his acceptance of three bribes over a nine-month period. Id. at 76, 712 A.2d 708. The Board, relying upon the terms of the statute, denied his claim for benefits. Ibid. Borrello argued on appeal *1203 that the Board had erred in not applying the Uricoli[4] balancing factors. Ibid. We affirmed the denial of benefits, determining that Borrello's right to obtain deferred retirement benefits was "automatically forfeited by the express language" of the statute. Id. at 78, 712 A.2d 708 (interpreting Uricoli "as applying only to those claims for benefits where the specific pension statute is silent respecting the effect of a conviction for a crime relating to the applicant's public office").
Hess argues that her situation is distinguishable from Borrello, and that N.J.S.A. 43:15A-38 does not require forfeiture of a deferred retirement benefit where the removal from employment for cause is based on charges of misconduct or delinquency not related to the employees' official duties nor otherwise within the express terms of N.J.S.A. 43:15A-38. We agree.
The judicial role in reviewing decisions of administrative agencies is "to determine whether the administrative action was arbitrary, capricious or unreasonable." Burris v. Police Dep't, Twp. of W. Orange, 338 N.J.Super. 493, 496, 769 A.2d 1112 (App.Div.2001). The precise issue is whether the findings of the agency could have been reached on substantial credible evidence in the record, considering the proofs as a whole. Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965). When error in a factfinding of a judge or administrative agency is alleged, the scope of appellate review is limited. Karins v. City of Atl. City, 152 N.J. 532, 540, 706 A.2d 706 (1998). Although appellate courts must give deference to an administrative agency charged with interpretation of the law, the courts are not bound by the agency's legal opinions. G.S. v. Dep't of Human Servs., Div. of Youth & Family Servs., 157 N.J. 161, 170, 723 A.2d 612 (1999); see also Mayflower Secs. v. Bureau of Secs., 64 N.J. 85, 93, 312 A.2d 497 (1973).
Here, the fact findings of the agency are not at issue. The dispute centers upon the legal interpretation of the statute defining the entitlement of public employees to receive a deferred retirement allowance.
N.J.S.A. 43:15A-38, which relates to vesting, states in pertinent part:
Should a member of [PERS], after having completed 10 years of service, before reaching retirement age, and not by removal for cause on charges of misconduct or delinquency, such person may elect to receive:
....
(b) A deferred retirement allowance beginning at the retirement age[.]
In denying Hess's request for benefits, the Board concluded that "the statutory language and relevant case law is clear and unambiguous and therefore, the Board is without authority to grant Ms. Hess deferred retirement benefits." The Board noted that there were no disputed questions of fact, and, therefore, it denied Hess's request for an administrative hearing *1204 as not necessary. More particularly, the Board concluded that Hess was removed for misconduct or delinquency because she was charged with the "failure to perform your duties," N.J.A.C. 4A:2-2.3(a)(1), and "conduct unbecoming a public employee." N.J.A.C. 4A:2-2.3(a)(6). The Board also determined that since Hess did not appeal the FNDA that sustained the specification of disciplinary charges, she was bound by the charge that the misconduct or delinquency was work-related.
Borrello, however, which the Board determined was controlling, does not address the precise issue before us: Whether the deferred retirement provision, N.J.S.A. 43:15A-38, is to be invoked when a public employee is removed for cause on charges of misconduct unrelated to the employee's official duties. We find that the scope of the Board's reliance on Borrello is overly broad.
Pension statutes should be liberally construed and administered in favor of public employees because they represent deferred compensation for a government employee's service. Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High School Dist., 199 N.J. 14, 34, 970 A.2d 354 (2009); Geller v. Dep't of the Treasury of New Jersey, 53 N.J. 591, 597-98, 252 A.2d 393 (1969); Widdis v. Pub. Emp. Ret. Sys., 238 N.J.Super. 70, 78, 568 A.2d 1227 (App.Div.1990). "When considering forfeiture provisions which adversely impact on vested rights, strict construction of the statute is required." Widdis, supra, 238 N.J.Super. at 78, 568 A.2d 1227.
The Board recognized that "[a]t the time Ms. Hess was terminated, she was vested with 19 years and 4 months of service credit in the PERS and was under the age of 60; therefore, she only qualified for a deferred retirement." The critical question in this case is, therefore, whether a public employee such as Hess, whose misconduct involved the off-duty operation of her personal automobile in such a manner as to result in a criminal conviction and subsequent involuntary removal from office, must forfeit deferred retirement benefits or whether any disqualifying misconduct must in some way involve the employee's official duties in order to qualify for forfeiture of any vested rights under the statute. Although the Board relied on Borrello for the unqualified proposition that employees involuntarily removed from public office for cause and not permitted to resign in good standing are ineligible to receive deferred retirement benefits under N.J.S.A. 43:15A-38, such a construction is contrary to the statutory construction mandated in relevant cases.
The governing rationale was applied by our Supreme Court in two companion cases relating to the forfeiture of early retirement benefits. Masse v. Bd. of Trs., 87 N.J. 252, 432 A.2d 1339 (1981); Procaccino v. State Dep't of Treasury, 87 N.J. 265, 432 A.2d 1346 (1981). In Masse, supra, the Supreme Court upheld our reversal of a final agency decision forfeiting the appellant's entire public service time because of his off-duty misconduct in impairing the morals of a minor. 87 N.J. at 253, 432 A.2d 1339. The Court explained that "[i]f the range of conduct that disqualifies service [for pension purposes] is judicially broadened to encompass criminal conduct unrelated to that service, an additional penal sanction would be imposed on individuals solely because of their status as public employees." Id. at 263, 432 A.2d 1339. The Court concluded that "[s]uch a construction of creditable service would intrude into a sphere of the criminal justice system where the Legislature has fixed the limits of punishment and given the courts discretion, within certain guidelines, to determine sentences." Ibid.
*1205 Similarly, in Procaccino, supra, the Court reversed the Board's determination that the misappropriation of funds by the appellant in his capacity as a county constable required the forfeiture of his State pension from his years of service as a title examiner with the Department of Transportation. 87 N.J. at 268, 432 A.2d 1346. Even though Procaccino's offense was one of moral turpitude, it was nonetheless "unrelated to his employment by the State" and it did not "taint his work as a title examiner." Ibid. Cf. Corvelli v. Bd. of Trs., 130 N.J. 539, 552-53, 617 A.2d 1189 (1992) (upholding the Board's total forfeiture of pension benefits to a former police chief after determining the employee's misconduct was vindictive and related to his employment).
We do not find persuasive the Board's argument that, because Hess did not appeal the FNDA sustaining charges of failure to perform her duties and conduct unbecoming a public employee, she is bound by the charge that the misconduct is work-related. A party waiving a known right must do so clearly, unequivocally, and decisively. Knorr v. Smeal, 178 N.J. 169, 177, 836 A.2d 794 (2003). We do not find such a waiver here, and there is no indication of reliance by the OIT or Board.
Instead, we accept Hess's reasonable explanation that she did not appeal from the forfeiture from her public position since N.J.S.A. 2C:51-2 was explicitly provided for forfeiture based solely on a third-degree conviction.[5] It would have been futile and wasteful for Hess to appeal from that consequence where the outcome of forfeiture of the office was, indeed, unambiguously mandated.
We hold that forfeiture of deferred retirement benefits pursuant to N.J.S.A. 43:15A-38 is conditioned on an involuntary removal due to misconduct related to employment. Given that the Board has acknowledged that this issue is purely a legal question, that the Board recognized Hess was vested and otherwise qualified for certain deferred benefits at the time of her termination for cause, and in light of the liberal construction to be applied to the circumstances, we conclude that the criminal conviction arising out of appellant's driving while intoxicated charges was unrelated to her work as a Geographic Information Specialist in the OIT and had an insufficient nexus to warrant the forfeiture of deferred retirement benefits. Accordingly, we reverse and remand for further consideration of Hess's eligibility for deferred retirement benefits, consistent with this opinion.
Reversed and remanded.
NOTES
[1] Judge Lihotz did not participate in oral argument. However, the parties consented to her participation in the decision.
[2] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).
[3] N.J.S.A. 2C:51-2(a) provides, in pertinent part, that:

A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office, position or employment if:
(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;
(2) He is convicted of an offense involving or touching such office, position or employment; or
(3) The Constitution so provides.
As used in this subsection, "involving or touching such office, position or employment" means that the offense was related directly to the person's performance in, or circumstances flowing from, the specific public office, position or employment held by the person.
[4] Uricoli v. Bd. of Trs., 91 N.J. 62, 449 A.2d 1267 (1982). Uricoli involved a police chief who was found guilty of malfeasance in office for fixing a ticket that had been issued to the son of a "near and dear friend." Id. at 65, 449 A.2d 1267. The Court listed eleven factors that should be considered and balanced in determining whether forfeiture of earned pension benefits is justified. The Court stated "in all cases, even where there is a relationship between the particular misconduct at issue and the performance of employment duties, a balancing approach is required in order to determine whether forfeiture is justified under all the circumstances." Id. at 77, 449 A.2d 1267. See also Jablonowska v. Suther, 195 N.J. 91, 109 n. 8, 948 A.2d 610 (2008) and DiProspero v. Penn, 183 N.J. 477, 495, 874 A.2d 1039 (2005) (observing that the Uricoli factors were incorporated by the Legislature in N.J.S.A. 43:1-3).
[5] N.J.S.A. 2C:51-2 provides that:

a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office, position or employment if:
(1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime.