**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2183-18T4

BRIAN FAVRETTO,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted December 9, 2019 – Decided December 18, 2019

Before Judges Fasciale and Moynihan.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of Treasury, PFRS No. 84908.

Alterman & Associates, LLC attorneys for appellant (Stuart J. Alterman and Timothy J. Prol, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Porter Ross Strickler, Deputy Attorney General, on the brief).

PER CURIAM

Brian Favretto appeals from a December 11, 2018 final agency decision by the Board of Trustees of the Police and Firemen's Retirement System (the Board) denying his request for deferred retirement benefits under N.J.S.A. 43:16A-11.2. We affirm.

Favretto is a former police officer. In 2013, an internal affairs investigation of his colleague revealed text messages between them. The messages demonstrated Favretto was helping his colleague obtain information about another officer who arrested the colleague's friend for driving while under the influence. The State charged Favretto with fourth-degree conspiracy and second-degree official misconduct. In October 2014, the police department suspended him without pay. By that time, he was a member of the Police and Firemen's Retirement System (PFRS) for sixteen years and six months.

In September 2016, Favretto pled guilty to an amended charge of obstructing the administration of law or other governmental function, a disorderly persons offense, N.J.S.A. 2C:29-1(a). The State dismissed the other charge. The police department dismissed Favretto from his employment on the day he pled guilty. The judgment of conviction also required Favretto to forfeit his law enforcement position.

Three days after his guilty plea, Favretto applied for deferred retirement benefits, requesting a May 1, 2030 effective date. The Board denied his request on September 10, 2018. Favretto subsequently requested reconsideration or alternatively a hearing by the Office of Administrative Law (OAL), which the Board denied. The Board then issued the final agency decision under review.

On appeal, Favretto raises the following points:

POINT I
BY FAILING TO TRANSFER THIS MATTER TO THE [OAL] FOR A HEARING TO DEVELOP A FACTUAL RECORD[,] THE BOARD DEPRIVED [FAVRETTO] OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, THEREFORE [FAVRETTO] SHOULD BE GRANTED DEFERRED RETIREMENT BENEFITS.

POINT II
THE BOARD ERRED AS A MATTER OF LAW IN ITS FINAL ADMINISTRATIVE DETERMINATION BY FAILING TO FOLLOW ESTABLISHED LEGISLATIVE POLICIES AND THEREFORE [FAVRETTO] SHOULD BE GRANTED DEFERRED RETIREMENT BENEFITS. (NOT RAISED BELOW).

POINT III
THE BOARD'S DECISION DENYING [FAVRETTO'S] APPLICATION FOR DEFERRED RETIREMENT BENEFITS WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE AND WAS NOT SUPPORTED BY SUBSTANTIAL CREDIBLE EVIDENCE IN THE RECORD, THEREFORE [FAVRETTO] SHOULD BE GRANTED DEFERRED RETIREMENT BENEFITS. (NOT RAISED BELOW).

In his reply brief, Favretto raises the following points, which we have re-numbered:

> POINT IV
> THE BOARD ATTRIBUTED ACTIONS AND CONDUCT TO [FAVRETTO] WHICH [FAVRETTO] DID NOT UNDERTAKE, THEREFORE, THE BOARD'S DETERMINATION WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE AND MUST BE REVERSED.
>
> POINT V
> SINCE THE BOARD FAILED TO ORDER A HEARING TO DEVELOP A FACTUAL RECORD ON THE ISSUE OF WHETHER [FAVRETTO'S] CONDUCT CONSTITUTED MISCONDUCT OR DELINQUENCY, THE BOARD'S DECISION LACKS FAIR SUPPORT IN THE RECORD AND MUST BE REVERSED.

This court's review of the Board's decision is very limited. Caminiti v. Bd. of Trs., Police and Firemen's Ret. Sys., 394 N.J. Super. 478, 480 (App. Div. 2007); In re Herrmann, 192 N.J. 19, 27 (2007). This court "should not disturb [the Board's] determinations or findings unless there is a clear showing that (1) [the Board] did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable, or (3) the decision was not supported by substantial evidence." In re Application of Virtua-W. Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). We are not bound by an agency's interpretation of a

4                                                                      A-2183-18T4

statute or a strictly legal issue; such questions are reviewed de novo. Russo v. Bd. of Trs., Police and Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). The court defers to an agency's interpretation of a statute unless it is "plainly unreasonable," contrary to the statutory language, or "subversive of the Legislature's intent." N.J. Tpk. Auth. v. AFSCME, Council 73, 150 N.J. 331, 352 (1997). Favretto failed to satisfy this standard.

## A.

Favretto contends that the Board violated his due process rights by failing to transfer the case to the OAL for a hearing to establish a record and factual basis. He argues his due process rights were violated because no hearing was held to determine his "actual conduct" and whether his actual conduct amounted to misconduct or delinquency under N.J.S.A. 43:16A-11.2.

The Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 to -31, provides that an administrative agency may transfer a "contested case" to the OAL for an administrative hearing. A contested case under the APA is:

> [A] proceeding, including any licensing proceeding, in which the legal rights, duties, obligations, privileges, benefits or other legal relations of specific parties are required by constitutional right or by statute to be determined by an agency by decisions, determinations, or orders, addressed to them or disposing of their interests, after opportunity for an agency hearing[.]

A-2183-18T4

[N.J.S.A. 52:14B-2.]

The APA does not create a substantive right to a hearing, rather, it establishes a procedure in the event a hearing is required by the constitution or the law. See Toys "R" Us, Inc. v. Twp. of Mount Olive, 300 N.J. Super. 585, 590 (App. Div. 1997). Under the APA, the agency head has the exclusive authority to determine whether a case is contested that warrants an OAL hearing. Sloan ex rel. Sloan v. Klagholtz, 342 N.J. Super. 385, 392 (App. Div. 2001). The referral is discretionary. In re Xanadu Project at the Meadowlands Complex, 415 N.J. Super. 179, 188 (App. Div. 2010); In re Application of Cty. of Bergen, 268 N.J. Super. 403, 413 (App. Div. 1993). A hearing is only required if the matter before the agency presents contested material facts of issue. Xanadu, 415 N.J. Super. at 188. When there are no contested material issues of fact, the matter is not considered a "contested case." Ibid.

This court has analyzed what qualifies as a "contested case." In Bouie v. New Jersey Department of Community Affairs, 407 N.J. Super. 518, 534-35 (App. Div. 2009), the appellant appealed the termination of her Section 8 benefits, arguing that the Department of Community Affairs (Department) had to transfer her case to the OAL. This court agreed, stating that the Department's reasons for termination of benefits revolved around certain facts: "alleged

soiling [of] carpets, deliberately causing damage to the refrigerator, and failing to transmit eviction notices to the landlord[.]" Id. at 536. This court concluded that there were contested material facts, noting the Department relied upon the above facts when making its decision. Ibid.

Favretto argues there are contested material facts warranting transfer because the Board attributed his colleagues' conduct to him when it made its final decision. Favretto points out that the Board stated "[Favretto's] charges stemmed from [Favretto] accessing the CJIS computer database without legitimate law enforcement reasons in order to obtain specific information about [the officer] . . . [and performed] surveillance on [the officer's] residence and travel habits."[1]

But Favretto's argument is misplaced. The Board specifically stated: "there are no material facts in dispute" because appellant "was removed from employment on charges of misconduct or delinquency[,] which touched upon his employment." The Board found that this was not a contested case because Favretto pled guilty to charges related to his employment, rather than Favretto's actual conduct. Unlike Bouie, Favretto admitted he was guilty of a crime related

---

[1] It is undisputed that Favretto did not access the database nor surveil the other officer. The internal affairs investigation showed Favretto did not access the database or surveil, but instead sent several text messages to his colleague.

to his employment as a police officer—which is the fact that the Board relied on when making its decision.  As such, there was no need for a hearing and the Board correctly denied Favretto's request for one.

B.

For the first time, Favretto argues that the Board violated N.J.S.A. 43:16A-11.2 because it did not decide his case "on its own merits," specifically by failing to look at the totality of the circumstances.  He argues that he had "peripheral involvement," and that the Board should not have attributed conduct to him that he did not commit.  Favretto maintains he was not the officer who accessed the database nor the officer who conducted surveillance on the other officer.  Relevant to the statute, Favretto argues the Board did not find that his actual conduct amounted to misconduct or delinquency warranting denial of deferred retirement benefits.

Generally, with few exceptions, this court may decline to consider questions or issues not properly raised before the Board.  Zaman v. Felton, 219 N.J. 199, 226-27 (2014); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).  Thus, although we need not consider Favretto's contention, we will do so anyway.

To collect deferred retirement benefits, a public employee must provide "honorable service." N.J.S.A. 43:1-3(a); see also Corvelli v. Bd. of Trs., Police and Firemen's Ret. Sys., 130 N.J. 539, 550 (1992) (stating "[a]ll public pension statutes . . . carry an implicit condition precedent of honorable service . . . and forfeiture can be ordered for failure of that condition"). Pertaining to this appeal, N.J.S.A. 43:16A-11.2 addresses deferred retirement benefits:

> Should a member, after having established [ten] years of creditable service, be separated voluntarily or involuntarily from the service, before reaching age [fifty-five], and not by removal for cause on charges of misconduct or delinquency, such person may elect to receive the payments provided . . . or a deferred retirement allowance[.]
>
> [(Emphasis added).]

The statute specifically contains language disqualifying those convicted of a crime relating to their office. Borrello v. Bd. of Trs., Pub. Emps. Ret. Sys., 313 N.J. Super. 75, 77 (App. Div. 1998). This is also true for those employees who plead guilty to a crime relating to their employment. See Widdis v. Pub. Emp. Ret. Sys., 238 N.J. Super. 70, 74-75 (App. Div. 1990).

The New Jersey Supreme Court addressed the nexus between an officer's conviction of a crime and an officer's employment. In State v. Hupka, an off-duty officer engaged in criminal sexual conduct with a woman with whom he

was previously dating. 203 N.J. 222, 226 (2010). The officer faced forfeiture and permanent disqualification from public office under N.J.S.A. 2C:51-2. Id. at 226-27. The Court stated there was not a sufficient nexus between the performance of the officer's law enforcement duties and the sex crime to which the officer pled guilty to. Id. at 239. It noted "there was no relationship between defendant's employment as a police officer, the trappings of that office, or his work-related connections, and the commission of the offense to which he pled guilty, or to his victim[.]" Ibid.

Likewise, in In re Hess, 422 N.J. Super. 27 (App. Div. 2011), this court addressed the Board's ability to deny deferred retirement benefits because of official misconduct. The Public Employees' Retirement System (PERS) Board denied Hess deferred retirement benefits because she was involuntarily terminated from public employment based on her guilty plea for third-degree assault by automobile. Hess, 422 N.J. Super. at 30. This court deemed the Board's denial as incorrect because her "conviction was unrelated to her official duties." Ibid.; cf. Borrello, 313 N.J. Super. 76, 78 (finding that removal from employment after conviction of a third-degree crime was proper because it was misconduct related to employment).

Here, the Board denied Favretto deferred retirement benefits because he pled guilty to a crime related to his employment. Specifically, the Board stated: "[t]he Board determined that [Favretto's] guilty plea to an amended Count One – Obstruct Administration of Law – Obstruct Government Function, is misconduct directly related to his employment as a [p]olice [o]fficer with [the township]." Unlike Hess and Hupka, Favretto pled guilty to his involvement in a crime related to his position as a police officer—which the Board categorized as misconduct. As such, the Board correctly denied Favretto deferred retirement benefits.

C.

Lastly, for the first time on this appeal, Favretto contends the Board's decision denying his request for deferred retirement benefits was arbitrary, capricious, and unreasonable because the Board attributed conduct to him that he did not commit. Favretto maintains he did not access the database nor conduct surveillance on the officer.

To qualify for deferred retirement benefits, Favretto had to provide "honorable service." N.J.S.A. 43:1-3(a); Corvelli, 130 N.J. at 550. A public employee who is "removed for cause on [a] charge[] of misconduct or delinquency," will not satisfy this "honorable service" requirement, and is

11

ineligible for deferred retirement benefits pursuant to N.J.S.A. 43:16A-11.2. Borrello, 313 N.J. Super. at 77. The express language of N.J.S.A. 43:16A-11.2 requires automatic forfeiture of benefits when an employee engages in misconduct or delinquency. Hess, 422 N.J. Super. at 34-35.

This court stated that a public employee's conviction of a crime related to his or her employment also qualifies as misconduct or delinquency, making the employee ineligible for deferred retirement benefits. Borrello, 313 N.J. Super. at 78; Widdis, 238 N.J. Super. at 83. For instance, in Borrello, the appellant's dismissal from his public employment occurred after his conviction for third-degree misconduct upon acceptance of several bribes. 313 N.J. Super. at 76. The PERS Board denied his claim for deferred retirement benefits. Ibid. This court agreed with the Board, stating that the individual's benefits were automatically forfeited when he was convicted of a crime related to his employment. Id. at 78.

Here, similar to Borrello, Favretto pled guilty to a crime related to his employment—obstructing the administration of law or other governmental function, N.J.S.A. 2C:29-1(a). When he pled guilty to this crime, Favretto admitted he texted with his colleague about the other officer who arrested the colleague's friend. Even if Favretto was not the officer who searched the

database or the officer who conducted surveillance, Favretto still admitted to his involvement in the scheme orchestrated by several police officers. Favretto's guilty plea was the reason the Board denied him deferred retirement benefits. The Board correctly stated that once Favretto pled guilty to a crime relating to his employment, he was ineligible for deferred retirement benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2183-18T4