**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3371-21

JUDY THORPE,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued November 8, 2023 – Decided November 17, 2023

Before Judges Haas and Gooden Brown.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. xx8918.

Judy Thorpe, appellant, argued the cause pro se.

Robert E. Kelly, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Robert E. Kelly, on the brief).

PER CURIAM

Appellant Judy Thorpe appeals from the May 19, 2022 final decision of the Board of Trustees of the Public Employees' Retirement System (Board) finding that Thorpe was not eligible for deferred retirement benefits because she was removed from her prior employment for cause on charges of misconduct or delinquency directly related to her employment. We affirm.

By way of background, it is well established that "a public employee is disqualified from receiving deferred retirement benefits if [s]he has been 'remov[ed] for cause on charges of misconduct or delinquency.'" Borrello v. Bd. of Trs., Pub. Emps.' Ret. Sys., 313 N.J. Super. 75, 77 (App. Div. 1998) (second alteration in original) (quoting N.J.S.A. 43:15A-38); see also In re Hess, 422 N.J. Super. 27, 37 (App. Div. 2011) (stating that deferred retirement benefits will be forfeited pursuant to N.J.S.A. 43:15A-38 when the employee has been involuntarily removed from employment due to misconduct related to the employment). In this regard, N.J.S.A. 43:15A-38 plainly states:

> Should a member of the Public Employees' Retirement System, after having completed [ten] years of service, be separated voluntarily or involuntarily from the service, before reaching service retirement age, and not by removal for cause on charges of misconduct or delinquency, such person may elect to receive:
>
>     . . . .

(b) A deferred retirement allowance, beginning at retirement age . . . .

[(emphasis added).]

In this case, Thorpe began working for the Juvenile Justice Commission (JJC) in April 2005. Thorpe v. State, Nos. A-0104-11, A-5603-11 (App. Div. June 10, 2015) (slip op. at 2). Following a series of incidents, the JJC directed Thorpe to undergo a fitness for duty evaluation in January 2008. Id. at 2-8. On January 4, 2008, Thorpe "refused to sign a release form or participate in the evaluation." Id. at 8.

"As a result, the JJC issued [Thorpe] a preliminary notice of disciplinary action on January 7, 2008, seeking to terminate her for insubordination, failing to follow sick leave procedures, and 'other sufficient cause.'" Ibid. Following a departmental hearing, "[t]he hearing officer sustained the charges and [Thorpe] was removed from employment." Id. at 8-9.

Thorpe subsequently pursued a series of legal actions following the JJC's decision to challenge her removal from employment. None were successful. Thorpe's union filed a grievance protesting her removal by the JJC, but the arbitrator upheld Thorpe's termination. Thorpe v. Cipparulo, No. A-0418-20 (App. Div. May 17, 2022) (slip op. at 1). Thorpe also filed an action in the Law Division alleging discrimination and unlawful retaliation under the Law Against

3

Discrimination, N.J.S.A. 10:5-1 to -50, and the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14. Id. at 1-2. "The trial court dismissed this action after finding that [Thorpe] failed to establish a prima facie case of discrimination or retaliation. We affirmed." Id. at 2.[1]

In April 2021, Thorpe filed an application with the Board for deferred retirement benefits. Because Thorpe had been involuntarily removed from her position with the JJC "on charges of misconduct or delinquency," the Board applied N.J.S.A. 43:15A-38 and denied her application in a May 22, 2021 written decision. Thorpe asked the Board to reconsider its determination and the Board, finding there was no dispute as to any of the material facts, and again relying upon N.J.S.A. 43:15A-38, denied this request on May 19, 2022. This appeal followed.

On appeal, Thorpe argues that the JJC should not have been permitted to require her to submit to a fitness for duty examination and, therefore, her

---

[1] "In 2018, ten years after her termination from the JJC, Thorpe filed an application with the Board for ordinary disability benefits." Thorpe v. Bd. of Trs., No. A-0689-20 (App. Div. Mar. 8, 2023) (slip op. at 3-4). The Board denied this application because Thorpe had been involuntarily removed from employment on charges rather than as a result of her alleged disability. Id. at 4. See N.J.A.C. 17:1-6.4(b)(1) (stating that a PERS member who has been removed from service for cause "will not be permitted to apply for a disability retirement[.]").

termination on charges of misconduct or delinquency was invalid. Thorpe also asserts that "there are legal arguments upon which the Board may indeed rely to approve [her] application for deferred retirement."

These arguments lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(D). We affirm substantially for the reasons stated by the Board in its thorough May 19, 2022 written decision and add the following comments.

Our review of an agency's decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "In order to reverse an agency's judgment, [we] must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" Ibid. (second alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). In determining whether agency action is arbitrary, capricious, or unreasonable, our role is restricted to three inquiries:

> (1) whether the agency action violates the enabling act's express or implied legislative policies; (2) whether there is substantial evidence in the record to support the findings upon which the agency based application of legislative policies; and (3) whether, in applying the legislative policies to the facts, the agency clearly erred by reaching a conclusion that could not reasonably have been made upon a showing of the relevant factors.

> [W.T. v. Div. Med. Assistance & Health Servs., 391
> N.J. Super. 25, 35-36 (App. Div. 2007) (quoting Pub.
> Serv. Elec. & Gas Co. v. N.J. Dep't of Envtl. Prot., 101
> N.J. 95, 103 (1985)).]

Thus, the burden of showing the agency acted in an arbitrary, capricious, or unreasonable manner rests on the party opposing the administrative action. E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 349 (App. Div. 2010). It is not the function of the reviewing court to substitute its independent judgment on the facts for that of an administrative agency. In re Grossman, 127 N.J. Super. 13, 23 (App. Div. 1974).

We must also "'defer to an agency's technical expertise, its superior knowledge of its subject matter area, and its fact-finding role,'" and therefore are "obliged to accept all factual findings that are supported by sufficient credible evidence." Futterman v. Bd. of Rev., Dep't of Labor, 421 N.J. Super. 281, 287 (App. Div. 2011) (quoting Messick v. Bd. of Rev., 420 N.J. Super. 321, 325 (App. Div. 2011)). Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" E.S., 412 N.J. Super. at 355 (second alteration in original) (quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001)). "Nevertheless, 'we are not bound by the agency's legal opinions.'" A.B. v. Div. of Med. Assistance

6

& Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009) (quoting Levine v. State Dep't of Transp., 338 N.J. Super. 28, 32 (App. Div. 2001)). "Statutory and regulatory construction is a purely legal issue subject to [our] de novo review." Ibid.

Applying these principles, we discern no basis for disturbing the Board's well-reasoned determination that Thorpe was not eligible for deferred retirement benefits. N.J.S.A. 43:15A-38 expressly disallows a claim for deferred retirement benefits to members fired for misconduct or delinquency, as Thorpe was here. Thorpe is not entitled to relitigate the finding of insubordination, failing to follow sick leave procedures, and other sufficient cause, which resulted in her removal from employment in 2008. The statute makes forfeiture automatic where, as here, the employee has been removed for misconduct or delinquency related to her employment. Hess, 422 N.J. Super. at 37; Borrello, 313 N.J. Super. at 77.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3371-21