**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4561-18T1

ALFRED J. PETIT-CLAIR, JR.,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, PUBLIC
EMPLOYEES' RETIREMENT
SYSTEM,

     Respondent-Respondent.

_____

Argued March 10, 2020 – Decided July 27, 2020

Before Judges Ostrer and Susswein.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, Docket No. 2-882337.

Alfred J. Petit-Clair, Jr., appellant, argued the cause pro se.

Jeffrey David Padgett, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Jeffrey David Padgett, on the brief).

PER CURIAM

Alfred Petit-Clair's appeal from the denial of certain retirement pension service credits returns to us after remand. See Petit-Clair v. Bd. of Trs., Pub. Emp. Ret. Sys., No. A-2048-16 (App. Div. Mar. 1, 2018) (Petit-Clair I). We assume the reader's familiarity with the factual and legal discussion in our previous opinion. In brief, the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) denied Petit-Clair pension service credits upon finding that, as attorney for the Perth Amboy Zoning Board of Adjustment (ZBA), Petit-Clair served as an independent contractor and not an employee. We affirmed the Board's factual findings regarding the nature and circumstances of Petit-Clair's work, but held, as a legal matter, that the Board erred in relying on an Employee/Independent Contractor Checklist (Checklist) that the Division of Pensions and Benefits (Division) prepared, to determine Petit-Clair's employment status. We held that N.J.S.A. 2A:15A-7.2(b) obliged the Board to look to regulations or policy of the Internal Revenue Service in determining Petit-Clair's employment status. As the Checklist did not "accurately distill IRS regulation or policy," we remanded for the Board to issue a decision "expressly moored to IRS authority." Petit-Clair I, slip op. at 26-27.

As the Board adhered to our directive, and reached a decision that warrants our deference, we affirm.

On May 16, 2019, the Board issued its final administrative determination on remand, and again concluded that Petit-Clair was ineligible for the contested pension service credits because he was an independent contractor. The final decision followed the Division's post-remand ineligibility determination, the Board's adoption of it, and Petit-Clair's administrative appeal. In response to our directive that the Board moor its decision to IRS regulation or policy, the Board applied the twenty factors set forth in Rev. Rul. 87-41, 1987-1 C.B. 296, 1987-23 I.R.B. 7 (Rev. Rul. 87-41), and aspects of Dep't of the Treasury Internal Revenue Service, Publication 963, Federal-State Reference Guide (Publication 963).[1]

With respect to the twenty-factor test, the Board found a "strong independent contractor indication." The Board determined that the following weighed in favor of independent contractor status: (1) "instructions,"[2] because

---

[1] We summarized the twenty factors in Petit-Clair I, slip op. at 17, and quoted them verbatim in an appendix, id., slip op. at 28-33. We also reviewed Publication 963. Id., slip op at 19-22.

[2] The Board quoted the headings for the twenty factors found in Rev. Rul. 87-41.

the City lacked "the right to 'control, supervise or direct' [Petit-Clair's] work as to the result, but also as to how the tasks are to be performed"; (2) "training," since he was not required to attend training "typically required of employees, such as sexual harassment or ethics training"; (3) "integration," because Petit-Clair did not report to any individual supervisor nor was there "a record of attendance or timekeeping"; (4) "services rendered personally," as Petit-Clair could substitute personnel for himself; (5) "hiring, supervising, and paying assistants," because he was not precluded from doing so; (6) "continuing relationship," because he was appointed for one year terms; (8) "full time required," as he worked part-time for the ZBA while maintaining his own private law practice; (10) "order or sequence set," as the he was not directed to complete his work in a particular order or sequence; (11) "oral or written reports," because he was not responsible for preparing them; (13) "payment of business and/or travel expenses," as he had none; (14) "furnishing of tools and materials," because he was not provided "office supplies, computer, secretarial support or any other supplies or equipment" or "an office or permanent workspace"; (17) "working for more than one firm at a time," as he could maintain his own private clients; (18) "making services available to the general public," because he served the public through his private law practice; and (19) "right to discharge," as there

4

was no evidence the ZBA could terminate him at will. The Board noted that it gave relatively less weight to factors (6), (10), and (17), noting regarding factor (6) that Petit-Clair was reappointed twenty-five years.

The Board found the following factors favored employee status: (7) "set hours of work," because the ZBA meetings, which Petit-Clair attended, were scheduled monthly on appointed days; (9) "doing work on employer's premises," since Petit-Clair did most of his work on City premises; (12) "payment by hour, week, or month," as his payments coincided with those of regular City employees; (15) "significant investment," although the Board noted he performed some of his ZBA duties at his own office; (16) "realization of profit or loss," as Petit-Clair was paid the same, whether meetings were brief or cancelled; and (20) "right to terminate," because he could terminate his employment at will. The Board gave all these factors little weight. Regarding factor (7), the Board noted meetings were often brief or rescheduled. As for factor (12), the Board noted that the method of payment was designed with the goal of qualifying him for PERS benefits.

The Board also applied Publication 963. The Board noted that many of the twenty factors in Rev. Rul. 87-41 overlapped with the three general categories in Publication 963. In Petit-Clair I, slip op. at 20, we described the

three categories as "1) Whether the entity has the right to control the behavior of the worker; 2) Whether the entity has financial control over the worker; and 3) The relationship of the parties, including how they see their relationship." (Quoting Publication 963, 4-2).

The Board quoted the publication's guidance that state statutes creating a position be analyzed, "to determine whether they establish enough control for the individual to be classified as an employee under the common-law test." The Board adopted the Division's view that the Municipal Land Use Law, N.J.S.A. 40:55D-71, "does not establish enough control to classify the ZBA Attorney as an employee."

The Board also found that Petit-Clair's receipt of an identification badge was "not indicative of any particular status," as employees and independent contractors "in a position such as [Petit-Clair's]" received them. The Board also rejected Petit-Clair's reliance on the fact he was paid through regular payroll, deeming that an outgrowth of his misclassification.

On appeal, Petit-Clair contends the Board erred by relying on the twenty-factor test in Rev. Rul. 87-41, instead of other expressions of IRS policy. Alternatively, he contends the Board's application of the twenty-factor test was

arbitrary and capricious, and the Board's findings are not supported by credible evidence. We are unpersuaded.

In exercising our authority to determine strictly legal issues, see Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973), we remanded for the Board to apply "the definition of independent contractor as set forth in regulation or policy of the federal [IRS] for the purposes of the Internal Revenue Code," N.J.S.A. 43:15A-7.2(b). As we discussed in Petit-Clair I, in addition to regulations, which we cited, slip op. at 13-15, there exist numerous sources of IRS policy regarding the classification of workers, including Rev. Rul. 87-41, Publication 963, other revenue rulings, and private letter rulings. As the Legislature did not specify the relevant source – indeed, the Legislature mandated reference to regulation or policy – the Board perforce must determine the most appropriate source of IRS policy. That determination is entitled to great weight. N.J. Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575 (1978) (stating "the opinion as to the construction of a regulatory statute of the expert administrative agency charged with the enforcement of that statute is entitled to great weight").

We acknowledge that "[t]he conclusions expressed in Revenue Rulings will be directly responsive to and limited in scope by the pivotal facts stated in

the revenue ruling," 26 C.F.R. § 601.601(d)(2)(v)(a), and Rev. Rul. 87-41 pertained to the classification of certain technical services workers who, under three scenarios, were assigned to work for clients of personnel firms of various kinds. See Petit-Clair I, slip op. at 17. Nonetheless, the IRS itself recognized that the twenty factors represented a distillation of other cases presenting various factual patterns, stating that "[t]he twenty factors have been developed based on an examination of cases and rulings considering whether an individual is an employee." Rev. Rul. 87-41 at 4. Also, the factors should be applied in a fact-sensitive manner, inasmuch as "[t]he degree of importance of each factor varies depending on the occupation and the factual context in which the services are performed." Ibid.

Commentators have recognized that the IRS's reliance on the twenty factors is not restricted to the specific fact patterns in the ruling. See James J. Jurinski, Eligibility for Relief from Federal Employment Taxes under § 530 of the Internal Revenue Code, 149 A.L.R. Fed 627 (1998) (stating the IRS "normally makes its determination [regarding employee classification] with reference to 20 factors detailed in Rev. Proc. 87-41"); Myron Hulen et al., Independent Contractors: Compliance and Classification Issues, 11 Am. J. Tax Pol'y 13, 27 (1994) (stating that the IRS "developed a 20-factor test in making

the control determination" and noting "[t]he test is not objective, that is, no specific number of factors need to be satisfied for a finding that the worker is an employee").

We have endorsed the twenty-factor test in other cases. See, e.g., Francois v. Bd. of Trs., Pub. Emps.' Ret. Sys., 415 N.J. Super. 335, 350-51 (App. Div. 2010); Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 393 N.J. Super. 524, 542 (App. Div. 2007), rev'd on other grounds, 198 N.J. 215 (2009); Stevens v. Bd. of Trs. of the Pub. Emps.' Ret. Sys., 294 N.J. Super. 643, 653 n.1 (App. Div. 1996). So have other jurisdictions. See Klausner v. Brockman, 58 S.W.3d 671, 676-81 (Mo. Ct. App. 2001) (affirming agency's reliance on twenty-factor test where regulation directed consideration of IRS regulations and revenue rulings in determining employer-employee relationship), overruled in part on other grounds by Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 225 (Mo. 2003); see also Kentfield Med. Hosp. Corp. v. United States, 215 F. Supp. 2d 1064, 1070 (N.D. Cal. 2002) (considering Rev. Rul. 87-41 in case involving hospital psychologist's employment status); Poe v. Univ. of Cincinnati, 5 N.E.3d 61, 65-66 (Ohio Ct. App. 2013) (considering Rev. Rul. 87-41 in case involving physician's employment status).

A-4561-18T1

Although the IRS has issued revenue rulings that expressly address the employment status of attorneys, see Petit-Clair I, slip op. at 18 (citing Rev. Rul. 68-323, 1968 -1 C.B. 432, and Rev. Rul. 68-324, 1968-1 C.B. 433), the twenty-factor test remains viable. We reject Petit-Clair's contention that control-related factors are "inapplicable" to his case. The Legislature dictated reference to IRS regulations or policy, and the IRS has adopted the right to control as the unifying principle of the common law test to classify a worker as an employee. See 26 C.F.R. § 31.3121(d)-1(c)(2); 26 C.F.R. § 31.3306(i)-1(b); 26 C.F.R. § 31.3401(c)-1(b). The IRS recognizes that an entity may not dictate how persons should practice their professions, "but may retain other kinds of control, such as requiring work to be done at government offices, controlling scheduling, holidays, vacations, and other conditions of employment." Publication 963 at 4-3. In short, we shall not disturb the Board's reliance on control factors.

Furthermore, the Board reasonably relied on Publication 963, which specifically addresses the classification of public employees. We reject Petit-Clair's contention that the Board paid only "lip service" to the publication. The Board specifically addressed the significance of factors identified in the publication, including the statutory source of the position being analyzed, and the use of an identification badge.

In the alternative, Petit-Clair contends that the Board's conclusions, with respect to the twenty-factor test and the Publication 963 factors, were arbitrary, capricious, and unreasonable. We disagree.

The classification of a worker as an independent contractor or an employee is far from scientific. As we have discussed, the IRS has identified numerous factors that often counter-balance each other. Yet, IRS also recognizes that "[g]enerally, . . . lawyers [among other professionals] . . . who follow an independent . . . profession, in which they offer their services to the public, are not employees." 26 C.F.R. § 31.3401(c)-1(c); cf. 26 C.F.R. § 31.3121(d)-1(c)(2) and 26 C.F.R. § 31.3306(i)-1(b) (stating the same principle, but omitting the word "generally").

Although reasonable minds may differ in a close classification case, the Legislature has delegated the responsibility for making this determination to the Board. See Commc'ns Workers of Am., AFL-CIO v. N.J. Civil Serv. Comm'n, 234 N.J. 483, 514-15 (2018) (noting the Legislature delegates authority to an agency to exercise its expertise). As we stated in another pension case:

> [W]here the result is fairly debatable and is based upon
> policy choices made by the Legislature and committed
> for administration and enforcement to a designated
> agency, "we cannot substitute our judgment for that of
> the agency, even if we would have decided the case
> differently" had we been empowered to make the

11

evidentiary choices and apply the governing policies in the first instance.

> [Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 394 N.J. Super. 478, 482 (App. Div. 2007) (quoting Murray v. State Health Benefits Comm'n, 337 N.J. Super. 435, 443 (App. Div. 2001)).]

In essence, Petit-Clair asks us to substitute our judgment for the Board's in weighing the various factors. We shall not revisit Petit-Clair's contentions with respect to the Board's factual findings, which we affirmed in Petit-Clair I. Nor do we conclude that the Board's application of those findings to IRS policy was arbitrary, capricious, or unreasonable. For example, there was nothing unreasonable about the Board's conclusion that Petit-Clair's need to secure annual appointment favored classifying him as an independent contractor, notwithstanding that he succeeded in securing that appointment each year. Nor did the Board unreasonably conclude that the City's failure to furnish Petit-Clair with a computer, office supplies, a secretary, or other supplies or equipment favored independent contractor status. The provision of a zoning law treatise, City letterhead, and access to the coffee room falls far short of the tools and materials that a lawyer needs to practice his or her profession, and which an employer would provide to an employee.

Additionally, we observe that some factors that the Board decided favored employee status could easily have been deemed to favor independent contractor status. For example, regarding "significant investment," the IRS states that independent contractor status is favored "[i]f the worker invests in facilities" that the workers uses in "performing services and are not typically maintained by employees" such as renting an office. Although Petit-Clair performed most of his ZBA work at City Hall, he maintained a separate office as a practicing attorney. Also, the Board counted the "realization of profit or loss" factor as favoring employee status. However, Petit-Clair could enjoy a profit, if he received his fixed payment for little work, and could suffer a loss if his hours staffing ZBA meetings were unexpectedly extended. An employee does not face such financial uncertainty.

In sum, the Board adhered to this court's directive on remand and reached a decision that deserves our deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4561-18T1