**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1352-20

STEPHEN STANZIANO,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued July 11, 2022 – Decided July 22, 2022

Before Judges Fasciale and Enright.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. x-xxx441.

Daniel J. Zirrith argued the cause for appellant (Law Offices of Daniel J. Zirrith, LLC, attorneys; Daniel J. Zirrith, of counsel and on the briefs; Edward H. Kerwin, on the briefs).

Yi Zhu, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Donna Arons, Assistant Attorney

General, of counsel; Christopher Meyer, Deputy
Attorney General, on the brief).

PER CURIAM

Stephen Stanziano appeals from a December 10, 2020 final agency decision by the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) denying his application for deferred retirement benefits. In doing so, the Board reaffirmed its previous determination denying Stanziano's application and denied his request for a hearing in the Office of Administrative Law (OAL), finding no genuine issue of material fact in dispute. We conclude the Board's decision to deny the application was supported by sufficient credible evidence. We therefore affirm.

Stanziano worked as a Certified Public Works Manager and served the Township of Manchester (Township) as Director of the Public Works and the Director of Utilities from 1995 to 2013. Stanziano has been a PERS member since 1995. Prior to the removal of his Township employment, Stanziano was administratively charged on May 10, 2013, for allegations of misconduct related to his employment. The charges included engaging in retaliatory conduct, unlawfully considering race in a personnel matter, failing to care for departmental equipment, attempting to engage in a conspiracy to falsify federal funding, engaging in personal business while on duty, failing to cooperate with

2

purchasing procedures, unnecessarily delaying the repair of police vehicles, and making false and misleading statements to employees regarding the Township's "open door policy." The Township immediately suspended him without pay and sought his removal. He was charged with additional violations on July 10, 2013.[1]

Stanziano challenged the administrative charges. Following two hearings in July and August 2013, a hearing officer (HO) sustained most of the charges and recommended Stanziano's termination.[2] Stanziano received notice that he was terminated from his position effective September 17, 2013. He moved for de novo review of the HO's decision in the Law Division. This motion was made in Stanziano's pending lawsuit against the Township, the Township's Mayor, and the Township's Business Administrator. The Law Division judge denied review on the grounds that Stanziano failed to file an action in lieu of prerogative writs pursuant to Rule 4:69-1. Stanziano appealed to this court, and we affirmed the

---

[1] Those charges include insubordination for failure to answer written questions as ordered, neglect of duty, false and misleading assertions to media regarding suspensions, and false and misleading correspondence to the New Jersey Department of Environmental Protection (DEP).

[2] The charges for false and misleading statements to employees regarding the Township's "open door policy," false and misleading correspondence to the DEP, and neglect of duty to manage overtime were not sustained.

A-1352-20

termination for failure to timely file an appeal of the HO's decision, among other things, in April 2018. The Supreme Court denied Stanziano's petition for certification. Stanziano v. Manchester Twp., 235 N.J. 192 (2018).

On October 30, 2018, Stanziano filed an application for deferred retirement benefits. The Board denied the application and found that he was removed for cause directly related to his employment, thus he is ineligible for a deferred retirement pursuant to N.J.S.A. 43:15A-38. At the time of his last pension contribution in September 2013, Stanziano was fifty-seven years old and had eighteen years and three months of PERS service credit. Therefore, he was only eligible for a deferred retirement.

Stanziano requested reconsideration of the Board's decision as well as an OAL hearing to establish if his termination was politically motivated. At its November 18, 2020 meeting, the Board once again found that because Stanziano was removed for cause directly related to his employment, he was not eligible for deferred retirement. The Board denied Stanziano's request for a hearing because there were no genuine issues of material fact in dispute.

On appeal, Stanziano raises the following point for our consideration:

> POINT I
>
> THE BOARD'S DECISION IS ARBITRARY, CAPRICIOUS, AND UNREASONABLE BASED ON

A-1352-20

THE TOTALITY OF THE CREDIBLE EVIDENCE SUPPORTING THE FINDING THAT . . . STANZIANO IS ELIGIBLE FOR DEFERRED RETIREMENT BENEFITS.

Stanziano argues that he is entitled to an OAL hearing to properly establish the facts. He maintains that his former counsel failed to preserve his rights to have an impartial hearing and enforce his rights pursuant to court rules, thus any determination regarding alleged misconduct relating to his job performance has not been adjudicated through a full and fair hearing.

We have recognized "[j]udicial review of an administrative agency action is limited because respect is due to the expertise and superior knowledge of an agency in its specialized field." Francois v. Bd. of Trs., Pub. Emps.' Ret. Sys., 415 N.J. Super. 335, 347 (App. Div. 2010) (internal quotations omitted) (quoting Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). We will only reverse an agency's decision if it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Stevens v. Bd. of Trs., Pub. Emps.' Ret. Sys., 294 N.J. Super. 643, 651 (App. Div. 1996) (emphasis omitted) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

5

N.J.S.A. 43:15A-38 provides that:

> Should a member of the Public Employees' Retirement System, after having completed [ten] years of service, be separated voluntarily or involuntarily from the service, before reaching service retirement age, and not by removal for cause on charges of misconduct or delinquency, such person may elect to receive:
>
> (a) The payments provided for in section 41b. of this act, if he so qualifies under said section, or;
>
> (b) A deferred retirement allowance, beginning at the retirement age . . . .

We have previously held that "forfeiture of deferred retirement benefits pursuant to N.J.S.A. 43:15A-38 is conditioned on an involuntary removal due to misconduct related to employment." In re Hess, 422 N.J. Super. 27, 37 (App. Div. 2011). This is because "pension forfeiture operates as a 'penalty or punishment for wrongful conduct.'" Corvelli v. Bd. of Trs., Police & Firemen's Ret. Sys., 130 N.J. 539, 550 (1992) (quoting Uricoli v. Bd. of Trs., Police & Firemen's Ret. Sys., 91 N.J. 62, 76 (1982)); see also N.J.S.A. 43:1-3(a) (establishing that a public pension or retirement benefit is "expressly conditioned upon the rendering of honorable service"). Total or partial forfeiture may be ordered "for misconduct occurring during the member's public service which renders the member's service or part thereof dishonorable." N.J.S.A. 43:1-3(b). While we have recognized that strict construction of the

6

pension statute is necessary when considering forfeiture provisions, <u>Widdis v. Bd. of Trs., Pub. Emps.' Ret. Sys.</u>, 238 N.J. Super. 70, 78 (App. Div. 1990), the plain language of N.J.S.A. 43:15A-38 makes clear that a member separated from service "by removal for cause on charges of misconduct or delinquency" is ineligible to receive deferred retirement benefits.

Even if the conduct is not an official duty of the position, a link between the position and the misconduct has been found when conduct touches or relates to the position. <u>See</u> <u>Debell v. Bd. of Trs., Pub. Emps.' Ret. Sys.</u>, 357 N.J. Super. 461, 464 (App. Div. 2003) (finding forfeiture appropriate when a registered nurse engaged in health insurance fraud against the State Health Benefits Program); <u>see also</u> <u>State v. Pavlik</u>, 363 N.J. Super. 307, 312 (App. Div. 2003) (finding an insufficient nexus where a Department of Public Works laborer committed acts of domestic violence against his grandfather). In <u>Hess</u>, we held that the employee's criminal conviction for driving while intoxicated had an insufficient nexus to her employment as a Geographic Information Specialist to warrant forfeiture of her deferred retirement benefits. 422 N.J. Super. at 37.

Here, Stanziano is not entitled to deferred retirement benefits because twelve disciplinary charges—all related to his employment—were sustained, resulting in his termination for cause. Those charges sustained against

7

Stanziano included insubordination, neglect of duty, failing to care for departmental equipment, and attempting to engage in a conspiracy to falsify federal funding. The twelve charges sustained against Stanziano are distinguishable from <u>Hess</u> as they directly relate to his duties as the Township's Director of Public Works. Thus, the Board's decision to deny deferred retirement benefits in accordance with N.J.S.A. 43:15A-38 is supported by sufficient credible evidence and was neither arbitrary nor capricious.

We also reject Stanziano's contentions that he is entitled to an OAL hearing because he did not receive a full and fair hearing on the alleged misconduct that led to his termination. Stanziano claims that based on the advice of his former attorney, he did not have representation nor did he appear at the hearings before the HO to determine whether the charges should be sustained. He argues that the charges were based on testimony from individuals who were not subject to cross-examination and that his former attorney failed to file a timely appeal of the decision.

The record demonstrates Stanziano received a full and fair hearing. Stanziano had notice of the administrative charges against him and the opportunity to present evidence at the hearings before the HO. Stanziano

followed the recommendation of his former attorney and chose not to attend. Nine witnesses testified and numerous exhibits were presented at the hearings. The HO concluded the Township met its burden by a preponderance of credible evidence and recommended Stanziano's termination. There is no evidence in the record to conclude that Stanziano did not voluntarily waive his right to a full hearing. He received notice of the charges against him, elected not to participate in the hearings, and now fails to show how that choice was involuntary.

Furthermore, we are precluded from reviewing the HO's decision by the doctrine of collateral estoppel. "Generally speaking, a party is precluded by collateral estoppel from relitigating claims or issues which the party actually litigated, were determined in a prior action, and were directly in between the parties." Ensslin v. Twp. of N. Bergen, 275 N.J. Super. 352, 369 (App. Div. 1994). "'[A]dministrative tribunals can and do provide a full and fair opportunity for litigation of an issue,' and their judgments on identical issues may form the basis for application of collateral estoppel so long as they are 'rendered in proceedings which merit such deference.'" Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 87 (2012) (alteration in original) (internal citation omitted) (first quoting Hennessey v. Winslow Twp., 183 N.J. 593, 600 (2005); and then quoting Ensslin, 257 N.J. Super. at 369).

The HO sustained twelve of the charges against Stanziano following a full hearing with witnesses and exhibits. On August 26, 2013, the Township's Mayor informed Stanziano that he was accepting the HO's recommendation and that Stanziano was terminated from his position, effective September 17, 2013. Stanziano was required to seek judicial review of the Township's decision to terminate him within forty-five days after the decision was made under Rule 4:69-6(a). He did not do so. He waited until October 31, 2013, to write a letter to the Law Division judge that he was seeking a de novo review of the termination. The Law Division judge determined he was not entitled to a de novo review of the decision and we affirmed. Thus, the criteria for collateral estoppel have been met. As Stanziano had the full and fair opportunity to contest the administrative charges, we find no reason to disturb the Board's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION