**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1830-18T1

MARK MURPHY,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

     Respondent-Respondent.

Argued January 22, 2020 – Decided February 10, 2020

Before Judges Accurso, Gilson and Rose.

On appeal from the Board of Trustees of the State Police Retirement System, SPRS No. 8-3296.

Lauren Patricia Sandy argued the cause for appellant.

Amy Chung, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Tatiana Kitaigorovski, Deputy Attorney General, on the brief).

PER CURIAM

Mark Murphy appeals a final agency decision of the Board of Trustees of the State Police Retirement System (SPRS), denying his request for deferred retirement benefits under N.J.S.A. 53:5A-28. We affirm.

Murphy established membership in the SPRS in February 1986, when he enlisted as a State Trooper. In June 1998, while off duty and under the influence of alcohol, Murphy drove his troop car and struck another vehicle broadside, killing the driver and injuring the passenger. Because he was off duty at the time of the incident, Murphy was not authorized to use his troop car. He was suspended without pay during the resulting investigation. Six months later, the State charged Murphy with first-degree aggravated manslaughter, second-degree vehicular homicide, second-degree aggravated assault by auto, and fourth-degree aggravated assault by auto. A jury thereafter convicted Murphy of second-degree vehicular homicide, and fourth-degree aggravated assault by auto.

On March 9, 2001, Murphy was sentenced to an aggregate seven-year prison term, with three years of parole ineligibility pursuant to N.J.S.A. 2C:11-5(b)(1). The sentence was also subject to the eighty-five percent parole disqualifier prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2. The trial court assessed the mandatory fines and penalties, including a five-year

suspension of Murphy's driver's license.  Relevant here, the court ordered Murphy to forfeit his law enforcement position pursuant to N.J.S.A. 2C:51-2(a)(1) (requiring forfeiture of "such office, position or employment" when the member has been convicted of "an offense involving dishonesty or of a crime of the third degree or above . . . .").[1]  By that time, Murphy had been a member of the SPRS for twelve years and four months.

In August 2017, Murphy applied for deferred retirement benefits, requesting a March 1, 2018 effective date.  The Board denied Murphy's request, finding Murphy had been removed from employment for cause.  Noting the pertinent facts were undisputed, the Board also denied Murphy's ensuing request for a hearing by the Office of Administrative Law.  The Board then issued the final agency decision under review.

On appeal, Murphy raises the following points for our consideration:

POINT I

THE BOARD'S DECISION SHOULD BE REVERSED BECAUSE IT DID NOT FOLLOW THE LAW.

---

[1] Murphy appealed, we affirmed, State v. Murphy, No. A-4121-00 (App. Div. July 15, 2002), and the Supreme Court denied certification, State v. Murphy, 175 N.J. 80 (2002).  We also affirmed the Law Division's denial of post-conviction relief, State v. Murphy, No. A-1885-04 (App. Div. Oct. 2, 2006), certif. denied, 189 N.J. 649 (2007).

## POINT II

THE DECISION OF THE BOARD SHOULD BE
REVERSED BECAUSE IT IS ARBITRARY,
CAPRICIOUS, AND UNREASONABLE.

## POINT III

THE BOARD'S DECISION IS NOT SUPPORTED BY
THE SUBSTANTIAL EVIDENCE IN THE RECORD.
(Not Raised Below)

In point I of his reply brief, Murphy expounded upon his first point:

THE BOARD'S DECISION DID NOT FOLLOW THE
LAW BECAUSE MURPHY'S MISCONDUCT WAS
NOT RELATED TO HIS EMPLOYMENT.

It is well established that "[o]ur review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). For those reasons, we will not overturn an agency decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017). Nor will we overturn an agency decision merely because we would have come to a different conclusion. In re Stallworth, 208 N.J. 182, 194 (2011). Although we "afford substantial deference to an agency's interpretation

of a statute that the agency is charged with enforcing[,]" we are not bound by the "agency's interpretation of a statute or its determination of a strictly legal issue." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 196 (2007).

To collect deferred retirement benefits, a public employee must provide "honorable service." N.J.S.A. 43:1-3(a); see also Corvelli v. Bd. of Trs., Police and Firemen's Ret. Sys., 130 N.J. 539, 550 (1992) ("All public pension statutes . . . carry an implicit condition precedent of honorable service . . . and forfeiture can be ordered for failure of that condition."). Pertinent to this appeal, N.J.S.A. 53:5A-28 addresses deferred retirement benefits:

> Should a member, after having established [ten] years of creditable service . . . be separated voluntarily or involuntarily from the service, before reaching age [fifty-five], and not by removal for cause on charges of misconduct or delinquency, such person may elect to receive the payments provided . . . or a deferred retirement allowance . . . .
>
> [(Emphasis added).]

The plain language of the statute leaves no room for discretion by the Board; any member removed from service for "charges of misconduct or delinquency" is ineligible to receive deferred retirement benefits from SPRS as a matter of law. Accordingly, this provision of N.J.S.A. 53:5A-28 is

automatically invoked whenever a public employee has been removed for cause on charges of misconduct that relate to the employee's official duty. Borrello v. Bd. of Trs., 313 N.J. Super. 75, 78 (App. Div. 1998).

We have considered the nexus between an officer's conviction of a crime and the officer's employment. See In re Hess, 422 N.J. Super. 27 (App. Div. 2011). In Hess, we considered the Board's ability to deny deferred retirement benefits because of official misconduct. The Public Employees' Retirement System Board denied Hess deferred retirement benefits because she was involuntarily terminated from public employment based on her convictions for third-degree assault by auto. Id. at 30. We deemed the Board's denial as incorrect because the petitioner's "conviction was unrelated to her official duties." Ibid.; cf. Borrello, 313 N.J. Super. at 78 (finding that removal from employment after conviction of a third-degree crime was proper because it was misconduct related to employment). Unlike Murphy in the present matter, however, the petitioner in Hess was not a law enforcement officer and was driving her personal vehicle at the time of her drunk-driving accident. See Hess, 422 N.J. Super. at 30.

Here, the Board denied Murphy deferred retirement benefits because he was removed from his employment for cause, following his conviction for a

crime pursuant to N.J.S.A. 2C:41-2(a)(1).  According to the Board, "Murphy's criminal misconduct touched upon his official duties as a Detective/Sergeant because at the time of the incident he was in his troop car which he was not authorized to be utilizing and was under the influence of alcohol."  Unlike the petitioner in Hess, Murphy was convicted of conduct that related to his position as a State Trooper.  We therefore discern no legal error in the Board's decision. Richardson, 192 N.J. at 196.

Turning to point II, Murphy contends the Board's decision was arbitrary, capricious, and unreasonable, because it failed to consider the factors enumerated by the Supreme Court in Uricoli v. Board of Trustees, 91 N.J. 62, 77-78 (1982), and codified in N.J.S.A. 43:1-3(c).  Murphy's argument is unavailing.

As we have long recognized, Uricoli "appl[ies] only to those claims for benefits where the specific pension statute is silent respecting the effect of a conviction for a crime relating to the applicant's public office."  Borrello, 313 N.J. Super. at 77; see also Hess, 422 N.J. Super. at 33.  Where the statute is not silent and the misconduct involves public employment, the forfeiture of deferred pension rights is automatic.  Hess, 422 N.J. Super. at 37.  In this case, the statute is not silent, as it expressly limits the right to a deferred pension to members

who were not removed from their position "for cause on charges of misconduct or delinquency." N.J.S.A. 53:5A-28(a). Accordingly, we conclude the Board's determination was not arbitrary, capricious or unreasonable. J.B., 229 N.J. at 43.

Lastly, we find insufficient merit in the newly-minted argument defendant raises in point III – that his misconduct did not touch upon his law enforcement duties because he was off duty and not authorized to use his troop car while not on duty – to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E). Based on our review of the record, we conclude the Board's decision "is supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1830-18T1