**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1090-23

MICHAEL PICARIELLO,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM OF
NEW JERSEY,

      Respondent-Respondent.

_____

Argued December 12, 2024 – Decided January 16, 2025

Before Judges Walcott-Henderson and Vinci.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. xx7486.

Donald C. Barbati argued the cause for appellant (Crivelli, Barbati & DeRose, LLC, attorneys; Donald C. Barbati, on the briefs).

Robert J. Papazian argued the cause for respondent (Gebhardt & Kiefer, PC, attorneys; Leslie A. Parikh and Kimberly L. Forino, on the brief).

PER CURIAM

Plaintiff Michael Picariello appeals from a final agency decision of the Board of Trustees, Police and Fireman's Retirement System of New Jersey (the Board) denying his application for deferred retirement benefits because he was terminated from his public employment for cause. Picariello contends the charges leading to his termination were wholly unrelated to his employment and the Board's decision denying his application for deferred retirement benefits was arbitrary, capricious, and unreasonable. Discerning no error in the Board's determination, we affirm.

I.

Picariello enrolled in the Police and Firemen's Retirement System (PFRS) in 1990 upon his employment as a corrections officer with the Hudson County Department of Corrections (Hudson DOC). Around 1995, he achieved the rank of correctional sergeant.

On May 31, 2006, Picariello was subject to a random urinalysis. The subsequent report issued on July 12, 2006, revealed he had tested positive for cocaine. On July 26, 2006, the Hudson DOC issued a Preliminary Notice of Disciplinary Action (PNDA) seeking his removal from employment based on the test results and charging Picariello with incompetency, inefficiency or

2

failure to perform duties, N.J.A.C. 4A2-2.3(a)(1); insubordination, N.J.A.C. 4A:2-2.3(a)(2); inability to perform duties, N.J.A.C. 4A:2-2.3(a)(3); conduct unbecoming of a public employee, N.J.A.C. 4A:2-2.3(a)(6); neglect of duty, N.J.A.C. 4A:2-2.3(a)(7); and other sufficient cause, N.J.S.A. 4A:2-2.3(a)(11).

The PNDA stated that "[o]n May 31, 2006, during a '[r]andom [u]rinalysis' conducted at the Hudson County Correctional Facility, Sergeant Picariello was [u]rine [t]ested. On July 26, 2006, this Department received the [l]ab results of the afore-mentioned [u]rinalysis. Sergeant Picariello tested '[p]ositive' for [cocaine] based on the results . . . ."

Picariello was suspended without pay and a departmental hearing was held on June 30, 2008, where the charges were sustained. Thereafter, Picariello was issued a Final Notice of Disciplinary Action (FNDA) and removed from his position effective July 16, 2008. At the time, he had fifteen years and nine months of service credit in the PFRS, and he had not yet reached the age of fifty-five.

Picariello appealed his removal from his employment with Hudson DOC to the Civil Service Commission (the Commission) and the matter was transmitted to the Office of Administrative Law (OAL) as a contested matter for adjudication. The OAL held hearings on December 8, 2009, and March 25,

2010, before issuing an initial decision affirming Picariello's removal on December 20, 2010.

The Commission adopted the Administrative Law Judge's (ALJ) findings of fact, conclusions of law, and recommendation in their entirety. Picariello appealed and we affirmed the Commission's decision. In re Picariello, A-3270-10 (App. Div. July 9, 2012). Picariello then filed a petition for certification with our Supreme Court, which was denied. In re Picariello, 212 N.J. 462 (2012).

On July 6, 2019, Picariello filed an application with PFRS seeking retirement benefits. On January 13, 2020, the Board denied Picariello's application for deferred retirement benefits after determining he had been removed from his employment with Hudson DOC for misconduct directly related to his employment under N.J.S.A. 43:16A-11.2. The Board determined Picariello was only entitled to the return of his accumulated pension contributions.

Picariello appealed, and the matter was transferred to the OAL as a contested matter. After several pre-hearing conferences, on June 9, 2023, the Board filed a motion for summary decision arguing that, as a matter of law, Picariello was not entitled to retirement benefits because of the nature of the

misconduct for which he had been removed from public employment. Picariello filed opposition and the assigned ALJ heard oral argument on August 22, 2023.

On September 29, 2023, the ALJ issued an initial decision granting the Board's motion for summary decision. The ALJ framed the key issue as whether Picariello's removal was due to misconduct related to his position as a correctional sergeant. The ALJ gave substantial weight to the Hudson DOC's policy which requires its officers to undergo random drug testing. The ALJ quoted language from the 2010 OAL initial decision that stated "the conduct of a corrections officer who tests positive for cocaine 'constitutes an egregious offense. Such conduct undermines not only the integrity of the [DOC] cadre of officers, but the confidence the community at large [has] towards those who are to manage offenders.'"

The ALJ determined Picariello was not eligible for deferred retirement benefits because "there exists a sufficient nexus between Picariello's employment as a sergeant, a sworn law enforcement officer, and the offense for which he was disciplined—testing positive for the use of an illegal drug, cocaine, in the workplace." The ALJ further determined Picariello's misconduct was directly related to his employment, which was conditioned upon him

A-1090-23

remaining drug-free. Picariello filed exceptions to the ALJ's initial decision, and the Board filed a reply.

On November 13, 2023, the Board met to review the record and voted to adopt the ALJ's decision and dismissed Picariello's appeal in its entirety. This appeal followed.

Picariello appeals, arguing the Board's decision was arbitrary, capricious, and unreasonable and his removal was not for misconduct directly related to his employment.

II.

Our scope of review in an appeal from the final decision of an administrative agency is limited. In re N.J. Dep't of Env't. Prot. Conditional Highlands Applicability Determination, 433 N.J. Super. 223, 235 (App. Div. 2013) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). The court "must sustain the agency's action in the absence of a 'clear showing' that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Circus Liquors, 199 N.J. at 9).

On questions of law, review is de novo. Ibid. (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). We are "in no way bound by the agency's interpretation of a statute or its determination of a strictly

legal issue." <u>Mayflower Sec. Co. v. Bureau of Sec.</u>, 64 N.J. 85, 93 (1973). We accept the factual findings of an agency as long as they are supported by "substantial" credible evidence, and we may not substitute our judgment for that of the agency. <u>Greenwood v. State Police Training Ctr.</u>, 127 N.J. 500, 513 (1992).

We generally give deference "to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme . . . 'unless the interpretation is "plainly unreasonable."'" <u>Acoli v. N.J. State Parole Bd.</u>, 224 N.J. 213, 229-30 (2016) (quoting <u>Rally v. AAA Mid-Atl. Ins. Co. of N.J.</u>, 194 N.J. 474, 485 (2008)). "If there is any fair argument in support of the course taken [by the agency] or any reasonable ground for difference of opinion among intelligent and conscientious officials, the decision . . . will not be disturbed." <u>Lisowski v. Borough of Avalon</u>, 442 N.J. Super. 304, 330 (App. Div. 2015) (alteration in original) (quoting <u>City of Newark v. Nat. Resource Council in Dep't of Env't Prot.</u>, 82 N.J. 530, 539 (1980)).

Further, when reviewing pension disputes like the dispute over deferred retirement benefits at issue here, we recognize that "the public pension systems are bound up in the public interest and provide public employees significant rights which are deserving of conscientious protection." <u>Zigmont v. Bd. of Trs.</u>,

A-1090-23

91 N.J. 580, 583 (1983). "[P]ension statutes are 'remedial in character' and 'should be liberally construed and administered in favor of the persons intended to be benefited thereby.'" Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., Monmouth Cty., 199 N.J. 14, 34 (2009) (quoting Geller v. Dep't of Treasury, Div. of Pensions & Annuity Fund, 53 N.J. 591, 597-98 (1969)). They must also "be liberally construed in favor of public employees . . . [because] they constitute deferred compensation earned by the employee during his years of service." Widdis, P.E., L.S. v. Pub. Emp. Ret. Sys., 238 N.J. Super. 70, 78 (1990). However, while "an employee is entitled to [such] liberality . . . when eligible for benefits, . . . eligibility is not to be liberally permitted." Smith v. State, Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 213 (App. Div. 2007).

The PFRS provides for deferred retirement benefits pursuant to N.J.S.A. 43:16A-11.2. However, under the statute, an individual is not eligible for the benefits if he or she is removed from employment for cause or charges of misconduct or delinquency. N.J.S.A. 43:16A-11.2. In relevant part, the statute provides:

> Should a member, after having established [ten] years of creditable service, be separated voluntarily or involuntarily from the service, before reaching age [fifty-five], and not by removal for cause or charges of

> misconduct or delinquency, such person may elect to receive. . . a deferred retirement allowance, beginning on the first month following his attainment of age [fifty-five] and the filing of an application. . . .
>
> [Ibid. (emphasis added).]

Picariello argues he is eligible for deferred retirement benefits because the misconduct charges that led to his termination were wholly unrelated to his employment. He further argues the Board's affirmation of the ALJ's determination was arbitrary, capricious, and unreasonable. Relying on In re Hess, State v. Hupka, and an unpublished opinion,[1] he argues there must be "a relationship or nexus between the employment and the conduct leading to the termination." See 422 N.J. Super. 27 (App. Div. 2022); 203 N.J. 222 (2010). In Picariello's view, the disciplinary charges underlying his removal were not directly related to his employment because Hudson DOC did not establish he was using controlled dangerous substances at work.

The cases relied upon by Picariello are not persuasive. Hupka involves a sheriff's officer who pleaded guilty to one count of fourth-degree criminal sexual contact of a female with whom he had a previous romantic relationship. 203 N.J. at

---

[1] We do not cite or rely on unpublished opinions. Rule 1:36-3 provides unpublished opinions do not constitute precedent and are not binding on this court.

226. There, our Supreme Court held although the conduct was egregious, criminal, and violated employment policies, there was not a significant enough relationship between his conduct and his job because the misconduct did not occur when Hupka was at work or engaged in official duties, nor was he wearing his uniform. Id. at 243.

Likewise, in Hess, a Geographic Information Specialist with the New Jersey Office of Information Technology was involved in a motor vehicle accident while driving under the influence, causing severe injuries to the passengers of the other vehicle. 422 N.J. Super. at 30. In that case, we determined that the conduct was wholly unrelated to her employment because the accident occurred on her personal time and in her personal vehicle. Id. at 37. We therefore concluded that Hess was eligible for deferred retirement benefits. Ibid.

The Board argues the employment policies mandating the random urinalysis of corrections officers, as authorized by the Office of the Attorney General and adopted by the Hudson DOC, are in place to ensure officers are not taking illegal controlled dangerous substances in violation of the law. And, reporting to work under the influence of such drugs is in direct conflict with a correctional sergeant's duties of managing and rehabilitating inmates, some of which are detained for drug offenses.

A-1090-23

We reject Picariello's argument that the Board erred in adopting the ALJ's initial decision because he "was not removed [from his employment] for charges of misconduct directly related to his employment within the meaning of N.J.S.A. 43:16A-11.2." Picariello's argument is wholly unsupported by the record before us which includes the PNDA, FNDA, and the ALJ's 2010 decision; all of which underscore that his removal was directly related to his positive drug test, which was performed at work. Unlike the plaintiffs in Hupka and Hess, Picariello directly violated an employment policy by having cocaine in his system while he was at work.

Applying the plain language of N.J.S.A. 43:16A-11.2, the Board correctly determined that because Picariello had been removed from public employment for cause on charges including misconduct, he is ineligible to receive deferred retirement benefits. N.J.S.A. 43:16A-11.2 renders ineligible for deferred retirement benefits an employee who is removed "for cause on charges of misconduct or delinquency." Based on its plain language, the relevant statute leaves no room for discretion by the Board. See DiProspero v. Penn, 183 N.J. 477, 492 (2005) (holding "[w]e ascribe to the statutory words their ordinary meaning and significance.").

We are not persuaded by Picariello's contention that the Board's adoption of the ALJ's determination that he was removed for cause on charges of

11

misconduct directly related to his employment was arbitrary, capricious, and unreasonable.  An agency's decision may only be reversed where it is clearly arbitrary, capricious or unreasonable, or where it is unsupported by sufficient credible evidence.  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); Atkinson v. Parsekian, 37 N.J. 143, 149 (1962).  The party challenging the validity of the decision bears the burden of proving that it was "arbitrary, unreasonable or capricious."  Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980).  To determine whether a decision is arbitrary, capricious or unreasonable, we weigh whether the agency has followed the law, whether the record contains substantial evidence to support the findings on which the agency based its action, and whether the agency reached a conclusion that could not have reasonably been made on a showing of the relevant factors.  In re Herrmann, 192 N.J. 19, 28 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).

Here, Picariello has not carried his burden of proving the Board's decision was arbitrary, unreasonable, or capricious.  Boyle, 175 N.J. Super. at 166.  As we have previously stated, the Board's decision is well-supported by the record before us which is undisputed.  The urinalysis report shows Picariello had cocaine in his system while at work, which Picariello does not deny, and being under the influence of controlled dangerous substances while at work is in direct

12

contravention of Hudson DOC's policy. Thus, there is sufficient, credible evidence in the record to support the Board's determination that Picariello is barred from collecting deferred retirement benefits under N.J.S.A. 43:16A-11.2. See Circus Liquors, 199 N.J. at 9.

Accordingly, the undisputed facts coupled with the plain language of N.J.S.A. 43:16A-11.2 required the Board's rejection of Picariello's application for deferred retirement benefits and the Board's decision is not arbitrary, capricious or unreasonable because the Board complied with N.J.S.A. 43:16A-11.2. Herrmann, 192 N.J. at 28. Moreover, the Board's decision, which is properly rooted in the law is entitled to substantial deference. Ibid.

Plaintiff's claim that he is entitled to an "honorable service" analysis pursuant to Uricoli v. Board of Trustees, Police and Firemen's Retirement Systems, 91 N.J. 62 (1982), lacks merit. Because plaintiff is statutorily barred from an award of deferred retirement benefits pursuant to N.J.S.A. 43:16A-11.2, he is not eligible for a partial award based on "honorable service." Id. at 74 n.4.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1090-23